UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-3879 |
| | § | |
| $463,901.49 SEIZED FROM COMERICA | § | |
| BANK ACCOUNT NUMBER 3405; | § | |
| And $45,009.00 CURRENCY, | § | |
| Defendants in rem. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
<u>IN REM AND NOTICE TO POTENTIAL CLAIMANTS</u>**

The United States of America files this action for forfeiture and alleges upon information and belief:

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. §§ 881(a)(6) and (7) as well as pursuant to pursuant to 31 U.S.C. § 5317, 18 U.S.C. §§ 983 and 984, and Supplemental Rule G.

*Defendant Properties*

2. The Defendant property is described as follows: $463,901.49 seized by warrant from Comerica Bank account x3405 held in the name of BE Plastics on March 15, 2023 and $45,009.00 U.S. currency surrendered to law enforcement by Bilal Effendi on March 15, 2023. These seized funds will be referred to hereafter as "Defendant Property."

3. On or about July 17, 2023, Bilal Effendi (hereinafter "Effendi") submitted a claim to the Federal Bureau of Investigation contesting administrative forfeiture of the Defendant Property.

*Jurisdiction and Venue*

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

*Statutory Basis for Forfeiture*

5. The Defendant Property is subject to forfeiture under:

   a. 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

   b. 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960 or any property traceable to such property. Under 18 U.S.C. § 1956(a)(1)(B)(i), it is unlawful for a person to conduct or attempt to conduct a financial transaction with proceeds of a specified unlawful activity knowing that the transaction is designed in whole or in part to conceal or disguise the nature, the location, the source, the

ownership, or the control of the proceeds of specified unlawful activity or to avoid a transaction reporting requirement under federal or state law. It is a violation of 18 U.S.C. § 1957 for a person to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that is derived from specified unlawful activity. The felonious sale of controlled substances constitutes a "specified unlawful activity" under 18 U.S.C. § 1956(c)(7)(A), which incorporates 18 U.S.C. § 1961(1)(D).

c. Title 31, United States Code, Section 5317(c)(2) subjects to civil forfeiture any property involved in or traceable to a violation of 31 U.S.C. § 5324. Title 31 U.S.C. § 5324(b)(1) prohibits causing or attempting to cause a nonfinancial trade or business to fail to file a report required under section 5331 or any regulation prescribed under section. Title 31 U.S.C. § 5331 requires any person engaged in a trade or business, who in the course of such trade or business, receives more than $10,000 in coin or currency in 1 transaction (or 2 or more related transactions) to file a report with the Financial Crimes Enforcement Network (FinCEN). Non-financial trades and businesses must file IRS Form 8300 for cash transactions in excess of $10,000. 31 C.F.R. § 1010.330c.

## *Factual Basis*

6. Since January 2022, the Federal Bureau of Investigation (FBI) has been investigating a drug trafficking organization (DTO), which has been engaged in numerous drug trafficking and money laundering transactions within the Southern District of Texas.

Over the course of the investigation, agents have seized approximately two hundred and sixty one (261) kilograms of cocaine, six hundred and ninety-one (691) kilograms of methamphetamine, nineteen (19) kilograms of fentanyl, four (4) kilograms of heroin, one thousand five hundred and ninety-four (1594) pounds of marijuana, thirty-four (34) firearms, and $1,504,246.49 in drug proceeds.

7. Bilal Effendi used his plastics business, BE Plastics Inc., to launder cash drug proceeds for the targeted DTO. Effendi is the chief executive officer of BE Plastics Inc. The BE Plastic Inc. website identifies itself as a company which provides "Polymer Sales, Plastics Recycling, Compounding, and Trading solutions for manufacturers, converters, and big brands both domestically within the United States and worldwide."

8. According to bank records, Effendi opened a bank account at Comerica account on or about July 2019 (account ending in 3405, hereinafter Comerica account). As of March 2023, the account is still active and continues to receive large cash deposits. Bank records show that between June 2022 and March 2023, approximately $1,282,400 in cash deposits have been made into the account. It is extremely unusual for a company in this industry to conduct large bulk cash transactions.

9. On October 25, 2022, agents conducted surveillance at BE Plastics. Agents observed an individual encounter Effendi in the front parking lot of the BE Plastics office building. Agents observed the individual provide Effendi with a dark blue bag. Bank records show $34,000 was deposited into the Comerica account on October 28, 2022. The individual was later identified as a money courier for a Drug Trafficking Organization.

10. In July 2022, agents were briefed by a cooperator (hereinafter cooperator) who was in frequent contact with a member of the DTO based in Mexico. Agents learned from the

cooperator that the DTO had approximately $86,000 in cash from selling cocaine in North Carolina located in Dallas, Texas. The cooperator learned that the DTO needed drug proceeds picked up from Dallas and then transported to Effendi at BE Plastics address. On July 9, 2022, an undercover officer (hereinafter UC) picked up $86,000 in cash from a money courier of drug proceeds based out of Dallas, Texas.

11. On July 13, 2022, the UC provided Effendi with the $86,000 in drug proceeds which had been acquired in Dallas. During this operation, the UC met Effendi at the BE Plastics business and provided Effendi with the $86,000. The transaction with Effendi was captured inside an office of BE Plastics and was video/audio recorded. Agents learned from subpoenaed bank records of the Comerica Account, that on July 14, 2022, Ahmed Effendi deposited the $86,000 in drug proceeds into the Comerica Account. A. Effendi is the sales/operations assistant of BE Plastics.

12. On October 13, 2023, at approximately 10 p.m., Agents began conducting surveillance on Effendi, who was in the parking lot of an HEB in the Woodlands, TX. Agents observed Effendi receive a brown package from a known and confirmed drug proceeds money courier in the parking lot. This courier had previously delivered suspected drug proceeds to an Undercover Agent on two occasions, totaling $140,000. The bank records of the Comerica Account show that on October 25, 2022, Effendi deposited $50,000 into the Comerica Account.

13. On October 31, 2022, agents conducted surveillance at the parking lot of the BE Plastics business. Agents observed an individual follow Effendi inside the BE Plastics business with a black backpack. Bank records revealed that on October 31, 2022, $87,260 was deposited

into the Comerica account. Based on the nature of the transaction and other evidence, the $87,260 was proceeds from narcotics trafficking.

14. On October 25, 2022, agents set up surveillance at BE Plastics. During the surveillance agents observed an individual meet with Effendi in the front parking lot of the BE Plastics office building. Agents observed the individual provide Effendi with a dark blue bag. During the exchange, agents heard Effendi ask the individual how much was inside the bag. Agents then heard the individual respond with "34". Bank records of the Comerica Account show that on October 28, 2022, a deposit of $34,000 in currency was made into the account. Additionally, agents have identified this individual as a money courier for drug proceeds.

15. On October 31, 2022, agents continued surveillance at BE Plastics. Agents observed another individual (individual 2) encounter Effendi in the front parking lot of the BE Plastics office building. Agents then observed individual 2 follow Effendi into BE Plastics with a black backpack. Bank records revealed that on November 2, 2022, $30,000 was deposited into the Comerica account. Additionally, agents learned that the individual was an identified money courier for the DTO.

16. On January 26, 2023, at the direction of agents, the cooperator placed a recorded telephone call to Effendi asking if Effendi could launder money for the cooperator to Colombia. Effendi said that he could launder the money for the cooperator for a fee of 15%. Effendi advised the cooperator that Effendi would need a business name and account number. Effendi asked the cooperator what volume the cooperator was wanting to launder. The cooperator replied that the cooperator could possibly have millions. Effendi indicated to the cooperator that this was not a problem for Effendi. Effendi said that he remembered the cooperator's voice as someone who had dropped off money to Effendi in the past. Later on

this day, Effendi placed a telephone call to the cooperator. During the recorded conversation, Effendi offered to have the cooperator start with $50,000 or $100,000 in cash so that Effendi and the cooperator could see how well it went at first. Effendi advised that the process would take approximately two (2) or three (3) days because the money would be coming from Dubai. The cooperator indicated to Effendi that the cash would be drug proceeds from selling cocaine. Effendi again suggested that Effendi and the cooperator start with a small amount of money to see how it went.

17. On March 15, 2023, agents seized $463,901.49 from the Comerica account pursuant to seizure warrant. On the same date, the agents interviewed Bilal Effendi who decided to surrender additional currency he had obtained in the same manner as the suspicious bank deposits, to wit, $45,009.00. Upon surrendering the $45,009, Effendi provided Agents with a telephone number. Effendi identified the user of telephone number as the person who provided Effendi with the $45,009. Through further investigation, Agents discovered that the user of the telephone number had been identified as a kilogram quantity cocaine distributor based in Texas.

18. A review of the Financial Crimes Enforcement Network records shows that no form 8300s have been filed by Effendi or his company as should have been filed for a cash transaction over $10,000.00.

19. In August of 2023, Agents interviewed other large Polymer suppliers in the Houston area.  The contacts related that it was not common practice for polymer companies to conduct large bulk cash transactions, even with clients from neighboring countries such as Mexico. The BE Plastic Inc. website identifies itself as a company which provides "Polymer

Sales, Plastics Recycling, Compounding, and Trading solutions for manufacturers, converters, and big brands both domestically within the US and worldwide."

## *Conclusion*

20. The Defendant Properties are subject to forfeiture under 21 U.S.C. § 881(a)(6) as property traceable to proceeds of drug trafficking, under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering in violation of 18 U.S.C. § 1956 and/or § 1957, and under 31 U.S.C. § 5317 as property involved in or traceable to a violation of 31 U.S.C. § 5324.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas 78401.

*Prayer*

Wherefore, the United States of America prays that judgment of forfeiture be entered against Defendant Property in favor of the United States of America under 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(A), 21 U.S.C. § 881(a)(7) and 31 U.S.C. § 5317, in addition to such costs and other relief to which the United States of America may be entitled.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By: *s/ Jon Muschenheim*
Jon Muschenheim
Texas Bar No. 14741650
SDTX Bar No. 9246
Assistant United States Attorney
United States Attorney's Office
800 Shoreline Blvd., Suite 500
Corpus Christi, TX 78401
Telephone: 361-903-7905

## *Verification*

I, Derrick Jaradi, a Task Force Officer with the FBI, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on this the 12th day of October 2023.

Derrick Jaradi
Task Force Officer
Federal Bureau of Investigation